### CHARLES J. UHRIG v. ROY A. REDDING, et ux.

8 So. (2nd) 4          Division A

May 5, 1942

Garland W. Spencer, and G. P. Garrett, for appellant.

Fred R. Wilson, and Lloyd F. Boyle, for appellees.

PER CURIAM:

This is an appeal from a final decree dismissing a bill of complaint seeking an accounting for and dissolution of an alleged partnership.

On November 6, 1938, appellant, Charles J. Uhrig, and appellee, Roy A. Redding, made a verbal agreement for a permanent venture of breeding, raising and seling livestock, and the production of feed for the stock. Appellee was to furnish all the capital, appellant all his time, effort and skill in managing and keeping records of the business. Profits realized were to be shared equally between the two.

Under these terms appellee expended some $30,681.93 in the acquisition of considerable equipment and land for the feeding and the profitable raising of the numerous head of stock also acquired. Appellant negotiated and handled most of these purchases, managed and supervised the production of peanut, hay and other feed crops and otherwise lived up to his end of the agreement. The venture had reached the scope indicated when, January 24, 1941, appellee denied the partnership half interest in the total assets of the business then claimed by appellant, and this suit was brought.

The bill of complaint alleged the foregoing and other facts, and asserted that a partnership had been formed. It prayed, among other things, that an accounting be granted, that a receiver be appointed, and that the partnership be dissolved. The answer denied the existence of a partnership as alleged in the bill, aserted that appellant had no interest in any of the assets of the business, and prayed for an accounting and a decree showing the ownership of all the assets to be in appellee.

Much testimony had been adduced when, August 29, 1941, a final decree was entered finding that no partnership existed between the parties, and that all

the assets enumerated in the bill were the property of the appellee. The appeal is from that decree.

Appellant contends that it was specifically agreed that each party should have a half interest in all the assets of the business, as well as half the profits, even though the assets were to be acquired entirely by funds supplied by appellee. The chancellor found that the agreement was for a division of the profits only. The testimony supports this finding.

It does not necessarily follow that there was no partnership, if it appears from the other facts that the parties intended one. The question to be determined is one of law—i.e. whether the facts as found by the chancellor and herein recited show that a partnership existed. Snowden v. Cunningham, 59 Fla. 604, 51 So. 543. Indeed, that was also the main question before the chancellor, for, as he appropriately stated, ". . . it clearly appears that the great differences between the parties is to be found more in their interpretation of what was said or done than what was actually said or done."

There are many facts in the record tending to show that a partnership was intended by the parties: leases, personalty and insurance were purchased, sometimes in the name of one party, sometimes in the name of the other and sometimes in the name of both, all paid for with appellee's money; a stock brand, "UR", was agreed on by the parties; blank checks were printed and "No Trespass" signs bought and used in the name, Uhrig and Redding Company;" joint bank accounts were kept and other similar actions performed. These matters may properly be considered in determining whether a partnership was

intended and did in fact exist. Ambrecht Lumber Co. v. Adair, 91 Fla. 460, 108 So. 222.

The "test" for the determination of the existence of a partnership is much controverted. While estoppel to deny a partnership venture may limit its application where third parties are concerned, the true test as between the parties themselves seems to be their intention when making the agreement under consideration. Rowley, Modern Law of Partnership, (Blank ed. 1916,) Vol. 1, Sec. 102; Burdick, Partnership (3rd. ed. 1917) 64; 20 RCL, Partnership, Sec. 36. The fact that a party to the agreement is to share in the profits and losses of the venture, or either, as well as other factors, is to be considered in determining the *intention* of the parties expressed by the whole agreement. See Ambrecht Lumber Co. v. Adair, supra.

It seems beyond question that there was intended and in existence a partnership between the parties. Appellant supplied the labor, experience and skill, appellee the necessary capital. Any profit was to be shared equally. Losses would also be shared, for in the event of loss, appellant would have exercised his skill and effort in vain, and appellee would have to suffer diminishment of his capital investment.

That there was a partnership does not mean that appellant thereby owned a half interest in the capital assets, for the agreement, as appellant testified, was only for the sharing of profits, not of capital invested by appellee. Upon dissolution of a partnership formed by one supplying all the capital, and another supplying only his labor and skill, the capital is returned to the partner supplying it unless the agreement is otherwise. 47 C. J. 1173; 20 RCL 1022. Therefore, upon dissolution, appellant is entitled only

to his half share in any increment in the value of the capital assets.

The final decree was eronneous insofar as it determined, as a matter of law from the facts found from the testimony, that no partnership existed.

Appellant based his case on the theory that he was entitled to a half interest in all the assets, and it is not shown whether those have enhanced in value during the term of the partnership so as to provide a profit over and above the amount of the capital investment of appellee. An accounting must be made of the present value of the partnership assets before it may be determined whether there are profits in which appellant has a half interest. From any interest he may have must be deducted the total of advances he has drawn from the funds for personal expenses, at the rate of $35 per week for something like 100 weeks.

Appellant's assignment of error for the exclusion of certain exhibits need not be considered with the case so disposed of. His assertion that some of his own individual property, in a small amount, is intermingled with the partnership property is not justified by the pleadings. The bill of complaint alleges that all the property involved in this litigation was purchased with the funds of appellee.

The record does show, however, that appellant did furnish some farm machinery and other items for the use and benefit of the business. He should be allowed to amend the bill to conform to proof, and, on accounting being made, he should have credit for the reasonable value of these items.

The decree should be and is reversed with directions.

for further proceedings not inconsistent with the views herein expressed.

So ordered.

BROWN, C. J., WHITFIELD, BUFORD, and ADAMS, JJ., concur.

BROWN, C. J., concurring:

While I concur in the foregoing opinion and decision, I must say that, under the facts of this case, it was and is a rather close question, to my way of thinking, whether any partnership existed. The chancellor, in his opinion, cited Webster v. Clark, 34 Fla. 637, 16 So. 601; Tidewater Construction Co. v. Monroe County, 107 Fla. 648, 146 So. 209, and McConnell v. Karantines, 131 Fla. 775, 180 So. 23. But I think those cases can be distinguished, on the facts, from the case at bar. The foregoing opinion is, I think, sustained by the authorities cited and by others that are not cited. I therefore concur.