SHANNON, Judge.
In the proceedings below, Frank Pollard brought suit in equity alleging partnership and joint venture and seeking an accounting. The chancellor heard the case on the amended complaint, the answer and the testimony of several witnesses and then ordered the complaint dismissed; whereupon, Frank Pollard took, this appeal.
The defendants operated a partnership in the business of packing and shipping citrus products. In 1943 it seemed likely that one of the two partners, David Browder, would be drafted into the armed services and that the firm would need to have another citrus hujier. With that in mind, they contacted Frank Pollard and offered to hire him for $35 a week. This offer was declined, and after some discussion, a proposal to split profits and losses one-third to each was also declined. *311 The parties finally agreed upon an arrangement whereby Pollard would .receive 25% on all early and midseason citrus profits and 12}^% on all Valencias. This agreement was entirely oral and it remained unchanged from 1943 to 1955. Under this arrangement the plaintiff was to contribute his services and experience, and the defendants were to supply the money, the equipment, and the management. In addition, Pollard was allowed to draw advances in cash,
At the close of the first year the defendants’ bookkeeper gave the plaintiff a statement of settlement and explained whatever figures the plaintiff asked about. The defendants’ bookkeeper testified that Pollard was given another statement at the end of the second season. Certainly, if the plaintiff did not understand any of the figures, he could have complained to the partnership or he could have obtained all necessary information from the defendants’ bookkeeper. Although the plaintiff worked under this oral contract from 1943 until 1955, on only one occasion did he raise any question about the various items which went to make up the settlement. That was in 1949, when he questioned a portion of a citrus crop and the bookkeeper was instructed by one of the partners to strike this item from the plaintiff’s account. At this time, the plaintiff’s total earnings were far short of the amounts he had drawn on his allowance and he owed the defendants between ten and twelve thousand dollars. This was covered by a life insurance policy payable to the defendants, for which the defendants paid the premium. In 1955 Pollard’s association with the defendants was terminated and he received a final statement of account. Pollard refused to accept this statement as correct and, eventually, this suit resulted.
Succinctly stated, the contentions of the plaintiff below were: that the .relationship between the parties was a joint venture; that by reason of a fiduciary relationship the plaintiff was entitled to an accounting; that equity had jurisdiction; and that the doctrine of acquiescence should not operate to bar an accounting. The chancellor ruled against the plaintiff, finding that the relationship between the parties was one of employer-employee and that the plaintiff’s remedy at law was adequate. The chancellor’s findings of fact are set out in his final decree, and read, in part, as follows :
“3. (a) That prior to the 1943-44 citrus fruit season the plaintiff and the defendants entered into a contract establishing an employer-employee relationship, the terms of which did not set forth clearly, concisely, and in definite detail the elements to be taken into consideration in determining the profits and losses from which the plaintiff-employee’s compensation was to be determined.
“(b) That at the end of the first year’s employment .one of the defendants and their bookkeeper went over with plaintiff his account with them, and explained in detail the method used in arriving at the net profits and losses from which plaintiff was to be compensated, to which plaintiff made no objection at that time nor at any time during his employment, and the defendants were misled into believing that the method of arriving at the profits and losses was satisfactory with plaintiff, and the defendants were placed at a disadvantage, since, had he objected at the end of the first year’s employment, the defendants may have terminated the relationship, which was on a year to year basis.
“(c) That the same method of computing the profits and losses was used throughout the plaintiff’s period of employment by the defendants.
“(d) That in the year 1949, several years after the employer-employee relationship was established, the plaintiff acknowledged an indebtedness to the defendants of at least ten thousand *312 ($10,000.00) dollars by securing a policy of life insurance payable to the defendants, to cover the indebtedness due by the plaintiff to the defendants.
“(e) That the plaintiff, if in fact dissatisfied with the manner in which the computation was made, by failing to demand a clarification, explanation and adjustment in the manner of computing such compensation during the many years of his employment by defendants, acquiesced in and assented to the manner of computing the balance due between the parties, and is, therefore, for the reasons hereinabove set forth, estopped to complain at this late date, no imposition or fraud upon plaintiff having been shown.”
There is very little difference between the plaintiff and the defendants on points of law, and, as we view the case, it must turn on a question of fact. In construing the agreement between the parties we are particularly concerned with whether or not this oral contract qualified as a joint venture.
The requirements of a joint venture have been set forth several times. As Justice Drew stated in Kislak v. Kreedian, Fla., 95 So.2d 510, at page 515:
“In addition to the essentials of an ordinary contract, in contracts creating joint ventures there must be (1) a community of interest in the performance of the common purpose, (2) joint control or right of control, (3) a joint proprietary interest in the subject matter, (4) a right to share in the profits and (5) a duty to share in any losses which may be sustained. * * * >¡
See also, Livingston v. Twyman, Fla.1950, 43 So.2d 354; Willis v. Fowler, 1931, 102 Fla. 35, 136 So. 358.
The contract in this case was oral and the record reflects a conflict as to its exact terms. In measuring this contract against the requirements for a joint venture, however, there is abundant and convincing testimony which indicates that the plaintiff’s authority was limited, and that the plaintiff had no right to share in the control of the operation. For lack of this essential requirement, the contract cannot qualif}' as a joint venture, and the chancellor correctly found that the relationship between the parties was one of employer-employee.
This Court having found no error in the chancellor’s ruling on the question of fact, the case must be affirmed.
Affirmed.
ALLEN, C. J., and KANNER, J., concur.