LOPEZ, AQUILINO, Jr., Associate Judge.
The plaintiff appeals from a final judgment entered by the Court in favor of the defendants based on a jury verdict finding for the defendants. The appellant, Hector Supply Company, a Florida corporation, was the plaintiff and the appellee, William Harry Martin, was the defendant.
Beginning in September, 1948, Meyer E. Lipman, a resident of Illinois, and the defendant, Martin, entered into an agreement wherein and whereby Lipman put up an original investment of $10,000 for the purpose of growing and producing crops in and around Homestead, Florida, with the understanding that Martin would contribute his labor. Mr. Lipman would also contribute through his contacts with friends in Chicago that handled produce. The original investment was to be recovered by Lipman in about five years and thereafter a division of profits was to be made with Martin receiving one third and Lip-man two thirds but this was afterwards changed so that each received one half. Losses for any particular year were carried over to the next succeeding year at which time they were deducted before the division of profits was made.
Mr. Martin and Mr. Lipman opened a joint bank account each being entitled to withdraw money on his own signature. Out of the proceeds that were made as a result of this farming venture, Lipman and Martin were able to buy farming equipment in the nature of vehicles which was purchased by them in their joint names during the period of time that they had their open account with Hector Supply Company. Later on, Lipman left Florida entirely and Martin obtained title to the vehicles from Lipman and has since been working them. Martin says that he has not paid Lipman for his equity but after title was in his and his wife’s name, the equipment was mortgaged to the Federal Government for $8,000. Martin and Lip-man dealt with other companies and had other accounts outstanding.
After suit was filed on December 17, 1957, counsel for parties stipulated as to the correct amount due and owing. The credit manager of the appellant called on the defendant Martin on at least two occasions and he did not deny the debt. Martin personally signed nearly all the delivery tickets. On failure to make payment, complaint was filed and service was effected upon the defendant, Martin, but not on Lipman who was then in Illinois.
The appellant assigns as error the giving of certain instructions and the answers given by the court to inquiries from the jury as to the legal effect of a partnership. A reading of the instructions and the subsequent questions of the jury, together with the responses given, makes clear that the jury was caused to misunderstand the legal effect of the evidence. The action was instituted against William Harry Martin and Meyer E. Lipman, severally and jointly as a partnership. The effect of the court’s instructions was to foreclose liability of either individual unless the jury found a partnership to have existed at the time of the sales. As we view the evidence the jury should have been free to return a verdict against the individuals as a partnership or against the defendant, William Harry Martin, as an individual, as well as a verdict for defendants, if they *287 so found. 40 AmJur., p. 126; Barwick v. Alderman, 46 Fla. 433, 35 So. 13; Uhrig v. Redding, 150 Fla. 480, 8 So.2d 4; Russell v. Thielen, Fla.1955, 82 So.2d 143.
Therefore the judgment appealed is reversed and the cause is remanded for a new trial.
Reversed and remanded.
PEARSON, Acting Chief Judge, and CARROLL, CHAS., J., concur.