296 So.2d 121 (1974)
President MYERS, Appellant,
v.
Richard BROWN et al., Appellees.
No. T-229.
District Court of Appeal of Florida, First District.
June 11, 1974.
Rehearing Denied July 10, 1974.
*122 Michael L. Bryant and Louis F. Hubener, III, of Law Offices of Birr & Bryant, Gainesville, for appellant.
Harold Silver, of Barton & Cox, Gainesville, for appellees.
McCORD, Judge.
This is an appeal from the Circuit Court of Alachua County from a summary judgment granted to defendants. The thrust of the suit is a contention by appellant (plaintiff) that he and the defendants (appellees) or their predecessors in interest formed a partnership under the firm name "Safety Cabs" to carry on a business of operating a common taxi headquarters, providing a taxi service and sharing the use of the "Safety Cabs" name in the City of Gainesville, Alachua County. To the complaint appellant attached a copy of the agreement entered into by the parties which he contends is a partnership agreement. He sought dissolution of the alleged partnership and a sale of its assets.
Appellees filed an answer in which they denied all material allegations of the complaint and alleged affirmative defenses to the effect that there was no partnership and the parties' relationship was only as stated in the aforesaid agreement; that appellant voluntarily withdrew from the relationship and ceased to make contributions to the relationship. There is only one affidavit in the record on appeal pertaining to the motion for summary judgment. It is an affidavit of one of the appellees to the effect that appellant has made no contributions for the use of the premises since May, 1972, and has made no contributions to workmen's compensation costs for the dispatchers since 1969.
Appellees then filed motion for summary judgment which was granted. The trial court in granting summary judgment found that "there clearly does not exist any partnership agreement between the plaintiff and the movants and that the pleadings together with the affidavits show that there is no genuine issue as to any material fact and that the movants are entitled to a judgment as a matter of law."
We have examined the agreement and it contains nothing to indicate a partnership. In fact, its terms are directly to the contrary. It would serve no useful purpose to recite the terms of the agreement here. In substance, it provides that each of the parties to the agreement is an independent operator of taxi cabs operating same under their own right and individual ownership and using the group name "Safety Cabs." *123 No liability is assumed by one individual for another. They do not share income or expenses of their respective taxi cab operations other than the expenses of operating the dispatcher service. In effect they have merely joined together only in the operation of a common dispatcher service, sharing the expense of such operation. Each member by the agreement binds himself only for the purposes of the agreement, the agreement specifically stating that "in nowise does he bind himself as a partner but solely as a contributing member."
Under the agreement the parties have no attributes of a partnership. Appellant's complaint recites only the conclusion that it is a partnership. He argues that evidence will show that the operation is that of a partnership but he presented no affidavit on the motion for summary judgment that has been included in the record before us to show facts supporting such conclusion or to refute the operation as outlined in the agreement which he himself attached to and made a part of his complaint.
The Supreme Court in Uhrig v. Redding, 150 Fla. 480, 8 So.2d 4, stated as follows:
"The `test' for the determination of the existence of a partnership is much controverted. While estoppel to deny a partnership venture may limit its application where third parties are concerned, the true test as between the parties themselves seems to be their intention when making the agreement under consideration. Rowley, Modern Law of Partnership, Blank Ed. 1916, Vol. 1, Sec. 102; Burdick, Partnership, 3rd Ed. 1917, 64; 20 R.C.L., Partnership, Sec. 36."
Florida has adopted the Uniform Partnership Act. Under the provisions of that Act, Section 620.585, Florida Statutes, F.S.A., defines a partnership as follows:
"A partnership is an association of two or more persons to carry on a business for profit as co-owners."
Under the terms of this agreement, the parties are not carrying on a business for profit as co-owners. The parties by the terms of the agreement do not share profits but each operates his taxi cabs individually and they do not share their individual revenues. They merely bind together for the sole purpose of operating a joint dispatcher service using a common name, as aforesaid.
Under the terms of the agreement, by the unrefuted affidavit aforesaid, appellant forfeited his right to continue in association with the other parties by his failure to make the contributions required by the agreement.
The trial court properly found there was no issue of material fact shown by the pleadings and affidavit and properly granted the summary judgment.
Affirmed.
SPECTOR, Acting C.J., concurs, and BOYER, J., dissents.
BOYER, Judge (dissenting).
I must respectfully dissent. Had the pleading stage been completed without a demand for jury trial thus entitling the trial judge to assume the role of fact finder, then I would favor affirmance were the record then as it now appears. However, such is not the case. The trial stage was never reached, having been aborted by the summary judgment. The law is so well settled as to render citations utterly redundant to the effect that on motion for summary judgment a trial judge is not entitled to guess, conjecture or prognosticate what the evidence might ultimately prove. A summary judgment may be granted only in cases where there is no issue of material fact. (Williams v. City of Lake City, Sup.Ct.Fla. 1953, 62 So.2d 732) The allegations of the complaint (when the defendant moves for summary judgment) must be accepted, *124 for the purposes of the motion, as true. (White v. Pinellas County, Sup.Ct. Fla. 1966, 185 So.2d 468) The entire burden of demonstrating the absence of an issue of material fact rests upon the party moving for the summary judgment. In the case sub judice, whether or not a partnership existed was the primary issue, and that was an issue of fact. The pleadings and affidavits before the trial judge were in conflict on that crucial issue, therefore a summary judgment could not be properly and legally entered. It is not the office of summary judgment to avoid trials in cases wherein factual issues are to be resolved.
I would reverse and remand for trial.