PER CURIAM.
Swann appeals a summary final judgment in his action for partnership accounting and other relief. He contends that the trial judge erred in determining, based upon the terms of a written partnership agreement, that his deceased father had no interest in the partnership business in excess of his share of profits already distributed to him by the partnership. We reverse.
In 1966, appellant’s deceased father, William Alfred Swann, Sr., entered into a partnership agreement with the Mitchells. The agreement provided that Swann would receive a five percent profit share although he made no capital contribution. The Mitchells provided the capital in varying shares. Swann was to manage the business of the partnership, an automobile dealership. This agreement essentially continued a relationship between the parties which had been in existence for a period of twelve years. In 1967, Swann retired as business *682 manager, and ceased all activities in the business or partnership affairs. However, he continued to receive payments representing his profit share, although paid to him in the form of salary or wages, until 1979. In that year, the partnership was dissolved by the remaining partners, and all assets were transferred to a corporation whose capital stock was issued to certain partners who continued with the business. Swann was not notified or consulted concerning the partnership dissolution and conversion of the business to the corporate form until early in 1980, at which time he received a final payment from the business. Swann came to the conclusion that the dissolution without his consent was wrongful, and that the distribution made to him failed to fully take account of all undistributed profits. He then filed suit, seeking a share of the capital surplus, the value of the goodwill, the stock of the corporate successor to the partnership, and accounting and damages for wrongful dissolution. The trial court found that Swann had received all that he was entitled to, and granted summary judgment for defendants. We find that there are unresolved issues precluding entry of a summary judgment.
The trial court based the summary judgment in part upon a finding of an intent, in the language of the partnership agreement, to treat partnership “assets” as entirely distinct from “profits,” noting in his order granting motion for summary judgment:
The intent of the partnership agreement must be interpreted in the light of the language used in the drafting thereof. The intent may be deduced from the language of the [sic] January 1, 1966 from the reading of paragraphs 3 B&C, which clearly set forth the intent of the agreement: “If either of the two partners other than the major partner and W. A. Swann should die, the other partners shall .. . pay to the personal representative of the decedent, the full value of his interest in the partnership assets and accumulated profits.... ”
Paragraph 3C sets forth the rights of W. A. Swann as follows: “Upon the death of W. A. Swann the partnership shall ... pay his personal representative the share of W. A. Swann in the undistributed profits....” [emphasis in original]
We do not find the fact that paragraph 3B refers to both “assets and accumulated profits,” while 3C only mentions “undistributed profits,” dispositive of the controversy between the parties. Specifically, we agree with appellant’s contention that nothing in the partnership agreement indicates an intention to alter the accepted definition of “profit.”
Prior to the adoption of the Uniform Partnership Act (UPA), profit was defined to include the increment in value of capital assets. In Uhrig v. Redding, 150 Fla. 480, 8 So.2d 4 (1942), our Supreme Court was faced with a partnership similar to the one here. The court held:
Appellant supplied the labor, experience and skill, appellee the necessary capital. Any profit was to be shared equally. Losses would also be shared, for in the event of loss, appellant would have exercised his skill and effort in vain, and appellee would have to suffer diminishment of his capital investment.
That there was a partnership does not mean that appellant thereby owned a half interest in the capital assets, for the agreement, as appellant testified, was only for the sharing of profits, not of capital invested by appellee. Upon dissolution of a partnership formed by one supplying all the capital, and another supplying only his labor and skill, the capital is returned to the partner supplying it unless the agreement is otherwise. Therefore, upon dissolution, appellant is entitled only to his half share in any increment in the value of the capital assets. [Citation omitted].
Uhrig, supra, at 6.
We have examined the UPA and find nothing there to alter the accepted definition of profit. The UPA also provides that accepted rules of law apply to cases not provided for by the Act, § 620.58, Florida *683 Statutes (1979). The labeling of various partnership assets for bookkeeping convenience cannot alter their nature as profits due to Swann. We hold, therefore, that the entry of summary judgment based upon the assumption that under no circumstances would Swann be entitled to an interest in assets of the partnership representing undistributed profits was erroneous. Whether or not the parties by other agreements or conduct manifested an intention that any increment in partnership assets should not be subject to Swann’s profit share, or indeed, whether there were any such assets over and above the capital contributions of the partners, are matters that await determination by the trial court after receiving evidence.
We note that an issue is presented whether the goodwill of the partnership is an asset subject to evaluation and partial distribution as claimed in Swann’s behalf. While the goodwill of the partnership business is a valuable commodity, its value is virtually impossible of determination without an actual sale of the ongoing business. Cf., Mossler Acceptance Co. v. Martin, 322 F.2d 183 (5th Cir. 1963). No “sale” as such has occurred here, since it is clear that the partners remaining after Swann’s retirement continued the business for some twelve years and then simply transferred partnership assets to a corporation and continued the business under the corporate name. The remaining partners clearly reserved the right, under the partnership agreement, to modify, amend or change the agreement. They could have elected at any time to terminate the partnership, since it was not to exist for any fixed period of time, or they could have elected, which they did, to continue the business. We determine that these aspects of the partnership agreement, coupled with the limitation of Swann’s interest to profits only, would preclude a finding that the partnership goodwill is subject to any claim by Swann. Accordingly, in determining the extent of Swann’s unpaid partnership interest, if any, the value of the goodwill should not be considered. See 60 Am.Jur.2d, Partnership, § 202.
We observe further that contradictory references have been made to Swann’s status in the interim between his retirement and the changeover to the corporate business in 1979. Although he continued to receive his share of profits after retirement, apparently appellees, or some of them, have maintained that these payments were a gratuity. Resolution of any controversy with respect to Swann’s status subsequent to his 1967 retirement must therefore be left to the trial judge.
We find no merit in appellant’s claim for an accounting with respect to the partnership’s handling of social security taxes and business deductions, nor in the contention that under the partnership agreement Swann was entitled to a profit share for life.
For the reasons stated, the summary judgment for appellees is REVERSED, and the cause is REMANDED for further proceedings consistent with this opinion.
BOOTH, LARRY G. SMITH and SHIVERS, JJ., concur.