GLICKSTEIN, Judge.
This is an appeal from a final judgment in a civil suit involving a purported partnership agreement. We affirm.
Appellants were defendants and appel-lees were plaintiffs at the trial level. Creative Construction of Palm Beach, Inc. (Creative) and P.M. Contractors, Inc. filed an action against defendants/appellants Leif Lindberg and Lindberg Development Corporation, seeking to quiet title in property and seeking declaratory relief respecting their rights and responsibilities in relation to the “Agreement of Cooperation” executed by the parties in 1979 and subsequently recorded by the defendants, with the effect of becoming a cloud on plaintiffs’ title to the property. The complaint was accompanied by a copy of the warranty deed to the property, a copy of the “Agreement” as written in Finnish and recorded, and an attested English translation of the agreement.
Appellants answered and counterclaimed, declaring that certain property had been held by Creative on behalf of the parties as partners, and requesting dissolution of the partnership and an accounting.
Ultimately the case was tried without jury. By orders of November 13,1985, and December 5, 1985, the court expressed the following findings, among others: that Creative held title to the property for the use and benefit of plaintiffs and defendants as partners; that the “Agreement of Cooperation” constituted a partnership contract; and that the defendants/coun-terplaintiffs were entitled to an accounting. Although there was no bad faith, the defendants had been compelled to bring an action for dissolution and accounting when they were wrongfully excluded from the partnership. The court declared the partnership dissolved. Although the agreement contained no specific provision for sharing losses, the court held that this was understood in light of Florida Tomato *468 Packers, Inc. v. Wilson, 296 So.2d 536 (Fla. 3d DCA 1974), which states that a duty to share in losses is inherent in a venture in which one party supplies capital and the other labor, experience and skill. Under the agreement, the defendants were accordingly entitled to 50% of the profits and liable for 50% of the losses.
Subsequently, upon further hearing, the court issued its final judgment on January 23, 1987, determining an accounting between the parties. Relying upon Uhrig v. Redding, 150 Fla. 480, 8 So.2d 4 (1942) and Swann v. Mitchell, 408 So.2d 681 (Fla. 1st DCA 1982), the court determined that the object of the partnership was the division of profits; there having been no profits, defendants were entitled to no payment from the partnership, and they had no interest in the partnership lands. This appeal timely followed.
The following facts are taken from the court’s findings of fact in its two orders and final judgment summarized in part above.
Puolimatka Group Limited is a Finnish corporation and Armas Puolimatka is its president. Puolimatka Group Limited is sole stockholder of P.M. Contractors, a Florida Corporation, whose president was during much of the time pertinent here Pekka Kotilainen. P.M. Contractors is sole stockholder of Creative Construction of Palm Beach, Inc., also a Florida Corporation. Leif Lindberg is president of Lind-berg Development Corporation (LDC), a Florida Corporation.
Puolimatka and LDC were both interested in acquiring and developing into a multifamily condominium project a certain vacant parcel in the Town of Hypoluxo. In October 1979 Lindberg, Puolimatka and Kotilainen met and discussed development of that property. Kotilainen, who is a Finnish attorney but not admitted in Florida, drafted a two page document in Finnish entitled (as translated) “Agreement of Cooperation.” After the document was typed both Lindberg and Puolimatka agreed to certain changes, which were made by interlineation. Thereafter the agreement was executed. The document is plaintiffs exhibit 1.
Title to the property was obtained by LDC and later conveyed to Creative. All costs of the land were paid by the plaintiffs/appellees.
From October 1979 to December 1982 the parties conducted themselves as partners or joint venturers. Rezoning was obtained so that 195 dwelling units could be built; water and sewer lines were brought in; plans were prepared for constructing the buildings; certain improvements were made in the land, and construction and sales trailers were brought in. P.M. filed partnership tax returns with the Internal Revenue Service for the period October 1979 to February 28, 1982, listing P.M. and LDC as partners. P.M. also filed partnership returns with the State of Florida, and caused to be prepared financial statements of a joint venture between P.M. and LDC for fiscal periods ending March 31, 1981, and February 28, 1982. P.M. also filed a form with the United States Department of Commerce stating it was a partner of LDC.
In reliance on the agreement of cooperation and these various documents, copies of most of which LDC received, LDC perceived itself as a partner or joint venturer in the development of the Hypoluxo property and performed a number of services: negotiation and acquisition of the property, using the plaintiffs’ money; obtaining the rezoning, using its in-house counsel, cooperation of its employees in drawing the architectural plans, site plans and the like; and modifying of its construction forms to be ready to build the buildings.
Not stated in the court’s findings of fact was that plans to develop the property came to a halt because the market for condominium apartments had become soft.
It was the contention of the plaintiffs that a meeting of the minds for a partnership had never occurred, and that the document recorded by Lindberg was in essence a forgery reflecting the changes in the proposed agreement that Lindberg favored but that Puolimatka never approved. Plaintiffs maintained the agreement was *469 nothing more than a contract for work to be performed by defendants for plaintiffs.
The determinative point on appeal is that the trial court did not err in failing to find that appellants had an interest in the real property acquired, where a joint venture or partnership had been formed under which appellees were to furnish all of the capital and appellants were to supply land development skills.
The non-determinative issues, which we choose not to discuss, all involve harmless error; namely, the trial court’s
1. Accepting appellees’ statement of interest costs calculated by monthly compounding, where the partners had agreed that the partnership would pay the partner supplying the funds a current interest rate;
2. Allowing under the partnership agreement interest to the funds-supplying partner subsequent to the date the partnership was dissolved by that partner;
3. Allowing the appellees overhead and administrative expenses when the agreement between the partners made no mention of such payments.
The trial court correctly determined that this was a development partnership in which the Puolimatka interests were to furnish all financing, receiving interest on these advances, and the Lindberg interests were to furnish expertise. If, as appellants claim, in such a partnership the non-financing partner is entitled upon dissolution to half the value of the property appreciation, which we do not say, appellants failed to show that there was such appreciation; and the only clue given at trial to the value of the property indicated that by the most conservative estimate appellees had contributed more money than the property was worth after dissolution. In sum, although there was probably error as to the three points on appeal other than the first and determinative point, the errors were harmless, as they had no effect on the result.
HERSEY, C.J., concurs.
LETTS, J., concurs specially with opinion.