PER CURIAM.
Viking Realty, Inc., appeals a final judgment entered after rehearing of a final summary judgment. The trial court found that the terms of their agreement with Viking Realty did not obligate Anthony Balzebre and George Hidalgo to share in the financial losses resulting from their joint venture. We affirm.
Anthony Balzebre and George Hidalgo entered into an agreement to develop a tract of land. They sought financing from Housing Investment Corporation of Florida, Inc. [HIC], which agreed to furnish the necessary funds if Balzebre and Hidalgo could find a guarantor on the note. Balze-bre declined to guarantee the note personally. Viking General Corporation agreed to provide a limited guaranty of the loan by creating a shell corporation, Viking Realty, Inc., for the sole purpose of obtaining the financing necessary for the continuation of the project. Pursuant to the joint venture agreement with Balzebre and Hidalgo, Viking Realty would receive a fifty percent interest in the project, and Balzebre and Hidalgo would retain a fifty percent interest. In paragraph six of the joint venture agreement, the parties stipulated that Viking Realty would provide and secure all operating capital for the partnership in stage one of the project and that Balzebre and Hidalgo were to furnish only their time and skill; however, paragraph fifteen of the agreement provided that if the joint venturers agreed in the future to proceed with another stage of the project, they would be bound by the provisions of the agreement applicable to the previous stage of the project. Paragraph seventeen of the joint venture agreement provided that the parties would divide the tax losses on the project according to their respective shares of the venture.
The project ran into financial difficulties, and HIC eventually instituted foreclosure proceedings. The trial court granted foreclosure. Viking Realty sued for an accounting and sought to have Balzebre and Hidalgo share in the loss resulting from the foreclosure; the debt was incurred by Viking Realty’s parent corporation, Viking General. The parties requested summary judgment, and after conducting hearings, the trial court entered a final summary judgment in favor of Balzebre and Hidalgo, and a subsequent final judgment declaring Balzebre and Hidalgo not liable for the financial loss. Viking Realty appeals.
In the absence of agreement to the contrary, joint venturers are liable for debts to third parties in proportion to their shares of the venture. Pollard v. Browder, 126 So.2d 310 (Fla.App.1961); Kislak v. Kreedian, 95 So.2d 510 (Fla.1957). Were this a case of liability to a third party, Balzebre and Hidalgo might be liable to that party to the extent of their proportionate shares; but that is not the case. Viking Realty’s debt to Viking General Corporation was not' a liability to a third party; Viking Realty was created precisely for the purpose of undertaking the obligation on Viking General’s behalf. Thus, the allocation of loss between the joint ven-turers is at issue here.
The law is well-settled that parties to a joint venture, in the absence of any agreement to the contrary, share equally, not only in the profits, but also in the losses of the venture. Florida Tomato Packers, Inc. v. Wilson, 296 So.2d 536 (Fla. 3d DCA 1974); §§ 620.645(1), 620.755, Fla. Stat. (1987). This principle is no less applicable when one venturer contributes funds *689 and the other contributes services. If the venture loses money in such a situation, upon dissolution, the party contributing capital forfeits his financial contribution, and the venturer contributing services has provided his services in vain. Florida Tomato Packers, Inc.; Russell v. Thielen, 82 So.2d 143 (Fla.1955); Uhrig v. Redding, 150 Fla. 480, 8 So.2d 4 (1942).
Viking General, through the shell corporation of Viking Realty, contributed the capital necessary to finance the parties’ joint venture; Balzebre and Hidalgo contributed services. The venture failed. Balzebre and Hidalgo have lost the value of their services; Viking Realty has lost its capital contribution.[1]
AFFIRMED.

. We decline to accept Viking Realty’s interpretation of the contract that paragraph six of the joint venture agreement refers only to stage one of the project. A contract must he interpreted in its entirety and not clause by clause. Lalow v. Codomo, 101 So.2d 390 (Fla.1958); Triple E. Dev. Co. v. Floridagold Citrus Corp., 51 So.2d 435 (Fla.1951). Although paragraph six states that it refers to stage one of the project, paragraph fifteen indicates clearly that, should the project advance beyond stage one, paragraph six would apply to any advanced stage of the venture.