[No. 18996. Department One. March 19, 1925.]

## E. L. FINCHAM, *Appellant,* v. A. U. PINKHAM & COMPANY, *Respondent.*[1]

ACCOUNT (10)—RIGHT TO ACCOUNTING—NATURE AND SCOPE OF REMEDY—INSPECTION OF RECORDS—DENIAL OF RIGHT. Where an accounting is demanded and the right thereto is denied; the court should first determine that issue, and if the right is established, take the account or order a reference; and it is error to exclude evidence thereon, and compel the party to proceed without ordering the account and allowing ample time for inspection of the books, and fixing a future hearing.

APPEAL (145)—PRESERVATION OF GROUNDS—EXCEPTIONS TO FINDINGS. Upon an issue as to the right to an accounting, the failure to except to findings does not preclude a review on appeal from the court's refusal to direct an accounting which amounted to the exclusion of evidence as to the right thereto.

Appeal from a judgment of the superior court for Pierce county, Clifford, J., entered July 16, 1924, upon findings in favor of the defendant, in an action for an accounting, tried to the court. Reversed.

*Ralph Woods,* for appellant.

*W. G. Heinley* and *Arthur C. Bannon,* for respondent.

[1]Reported in 233 Pac. 913.

TOLMAN, C. J.—Appellant, as plaintiff, brought this action against the respondent, as defendant, for an accounting, alleging in the complaint upon which the case was tried:

"That on the 20th day of March, 1923, at Tacoma, Washington, the defendant entered into a joint venture with the plaintiff whereby the plaintiff was to handle the defendant's business in Tacoma and vicinity as a side-line with his other business, and the defendant offered orally to pay plaintiff on all deals made through him and on all business from Tacoma and vicinity fifty per cent (50%) of the net profit.

"That thereupon the plaintiff accepted the said offer of the defendant and from time to time thereafter merchandise was bought and sold on commission and otherwise by the plaintiff and the defendant and the plaintiff became entitled to 50% of the profits from said sales; that the plaintiff has received from the defendant to date the sum of $1,038.99; that the defendant has kept the accounts at its Seattle office and the plaintiff does not know the amount of the profits, but he alleges on information and belief that the amount still due him is at least $800.

"That the defendant has failed, neglected and refused, after many demands, to render an account to the plaintiff; that it has in its possession list of the cost of the merchandise, but that it refuses to permit the plaintiff to examine same.

"That the defendant, since the making of said contract with plaintiff, has from time to time applied to its own use large sums of money belonging jointly to the plaintiff and defendant, greatly in excess of the amount to which it was entitled and has concealed the same from the plaintiff.

"That the defendant has received the sum of eight hundred dollars ($800) in excess of its proportion of the profits under said agreement and has applied the same to its own use.

"Wherefore, plaintiff prays that the defendant be required to account to the plaintiff by giving the cost of all merchandise in which the plaintiff was inter-

ested, the sale price of the same, and all moneys received by the defendant and all sums due to the plaintiff and defendant from third parties, and that it be ordered to pay over to the plaintiff any balance found due the plaintiff, and that upon its failure so to do, that the plaintiff do have and recover of and from the defendant the sum of eight hundred dollars ($800), together with costs and disbursements herein expended.''

By amended answer, containing appropriate admissions and denials, most of the material allegations of the complaint were put in issue, though it is admitted that a certain sum was due the plaintiff as commissions earned as a broker, and it is affirmatively alleged that certain transactions were had, not as a joint venture, but on an agreement to divide commissions. When the case came on for trial, the plaintiff proceeded, in the main, to establish his right to an accounting, apparently relying upon the general rule that in such a case the court will first determine whether an accounting should be had, in which preliminary hearing only evidence bearing on the right to an accounting should be received, and not that relating to the amounts due, except as such fact may bear upon the question of the right to the accounting. That, in some instances, the evidence took a wider range does not appear to have been the appellant's fault; as by timely objections his counsel repeatedly sought to properly limit it. The managing officer of the respondent corporation was, by the plaintiff, called to the stand and first examined with reference to matters thought to show a right to the accounting. Plaintiff's evidence along the same line was then received, but considerably enlarged by cross-examination. The managing officer of the respondent corporation was then recalled and asked if he had brought the books covering the accounts, to which he replied that he had and they were there on

the table.  To a remark made by counsel, the court said, referring to the books:

"You have them here and you may examine them now. . . Counsel may take up the matter and examine them right now."

Upon this ruling being made, the following occurred:

"Mr. Woods: I will examine the witness about them now, but I object on the ground that it is not reasonable time.  Counsel stated here in court some time ago that they took two or three weeks to make up a statement.  They have never shown us any of the books in this matter, or any of the letters in regard to cost prices.

"The Court: They are here now.  Inspect them now.  Exception . . .

"Mr. Woods: I think the court should order a reference or fix a future date for an accounting to hear it, and give us time to examine the papers and files and make an examination of the books with reference to these transactions.  We have endeavored, by motion and otherwise, to get the information, and the court stated we would be given plenty of time, all the time we wanted, at the trial, and we now ask that the court direct that an accounting be had between these parties.  I would like to show the court some authorities on that.  There are two judgments to be given in this kind of a case, one to establish what the nature of the contract was between the parties and then the ordering of an accounting . . .

"The Court: You should ask a witness and they should produce the statement.

"Mr. Woods: Very well.  I will note an exception for not having proper time for an inspection of the papers and books, and also an exception to the failure of the court to make an order directing an accounting and setting a future date for hearing and giving us reasonable time."

It seems to us that the trial court erred in the ruling complained of.  It is the well established practice, where an accounting is demanded and the right thereto

is denied, to first settle and determine that issue, and then, if the right thereto be established, to order a reference, or to take the account before the court at a future date to be determined. It is manifest that, although the appellant had filed interrogatories and, by direction of the court, had submitted a bill of particulars, yet, in so doing, he was without the benefit of the books, records and information which were in the possession of the respondent and to which he was entitled to assist him in taking the accounting. This is accented by the fact that appellant's preliminary motion for inspection of the books was allowed only to the extent of requiring the books to be produced at the trial. . When equity undertakes an accounting, it will go into the question thoroughly and, so far as possible, ascertain all of the facts and decree absolute justice between the parties. It is manifest that, where numerous transactions are involved, running over a period of considerable time, and recovery is to be based upon profits accruing from each of such transactions, something more is needed than a cursory examination of a set of books in court, or even out of court during the hours when the court is not in session while the case is progressing. Probably the services of an expert might be necessary, but, whether so or not, such time should be given as, under all of the circumstances of the case, will assure ample opportunity to develop the full truth. This was not the refusal to grant a continuance in the ordinary sense, but a denial of a substantial right.

Respondent seems to urge that no exceptions were taken to the findings of the lower court and they must now be accepted as conclusive, but we think that rule does not apply here. The ruling of the court was tantamount to the refusal of evidence which might have made other and different findings proper and necessary.

The judgment appealed from will be reversed, and the cause remanded with directions to permit appellant to make a thorough examination of all of the books and records of the respondent relating to the subject-matter of the dispute, and to thereafter take the account, permitting each party a full hearing.

ASKREN, PARKER, MAIN, and BRIDGES, JJ., concur.