[No. 32173. Department One. October 30, 1952.]

GEORGE F. GAUTHIER, *Appellant*, v. R. L. DICKERSON *et al.*, *Respondents.*[1]

*Boardman Noland,* for appellant.

*John J. Schiffner,* for respondents.

GRADY, J.—The appellant brought an action for an accounting. The respondents counterclaimed. The court dismissed the action at the close of appellant's case, and granted a motion of respondents to dismiss their counterclaim.

The substance of the complaint is that respondents employed appellant to serve them in their refrigeration equipment business as a mechanic and salesman in accordance

[1]Reported in 249 P. (2d) 370.

with a written contract made a part thereof; that the compensation to be paid was a share of the net profits of the business; that the contract provided respondents should invoice all merchandise sold and delivered, as well as all service work performed and completed, and keep proper books of account so that costs and profits could be readily determined; that appellant performed services pursuant to the contract from March 1, 1945, to November 30, 1947; that respondents did not keep proper books, nor an accurate account of the costs and profits of the business, and failed to account to appellant for his share of the profits. There was no allegation in the complaint that appellant had made a demand for an accounting prior to the commencement of the action and that such demand had been refused. When the question was raised at the trial, the court allowed an amendment to be made and proof was submitted in support thereof. The complaint prayed for an order of the court requiring respondents to give a full accounting of all the business transactions had under the contract and for judgment for one half of the profits made, less sums already paid.

The answer of respondents consisted of admissions and denials, a copy of the contract, and a counterclaim for advances on commissions made to appellant in excess of his earnings to the extent of $197.28. The respondents requested a trial amendment increasing this item to $1,161.27.

Prior to the commencement of the action, appellant made a demand upon respondents for an accounting. He had received from respondents a series of what was denominated "reports," some "invoices," and a statement of "debits and credits" covering the reports. Respondents regarded this data as an accounting and made no other response to the demand.

On August 9, 1949, appellant, through his attorney, informed respondents that the accounting they had rendered was not complete or satisfactory to him. Attention was called to the contract providing for the use of due diligence in invoicing for all work and services performed and completed and the keeping of proper books of account so that the costs and profits could be readily determined. The re-

spondents were informed that appellant was not satisfied with the accounting with reference to certain specified contracts with customers. Request was made for an itemized cost accounting on such jobs and any others on which appellant had not received an accounting.

When the case was called for trial, there was a discussion between the trial judge and counsel with reference to whether the action was one to require respondents to render an accounting, or whether it was one for an accounting to be taken before a referee or the court. Counsel for appellant contended the action was to require respondents to render an accounting, but suggested that if the court considered one had been made he desired to show that it was not such as appellant was entitled to because of many inaccuracies therein and its incompleteness. The trial appears to have proceeded upon the theory that an accounting had been made by respondents. Appellant was permitted to submit evidence to show the accounting was incomplete, and incorrect in some respects.

At the close of the evidence submitted by appellant, the court decided that the action was one to secure an order of the court that respondents make an accounting, but concluded that no sufficient proof had been submitted that prior to the commencement of the action appellant had made a demand for an accounting and such demand had been refused. The court further decided that the contractual relationship between appellant and respondents was of such a character that appellant would have been entitled to an accounting if other facts had been present indicating that one was called for. The court expressed the view that the bimonthly reports made to appellant, though not in the best form and possibly not accurate, constituted a statement of account.

We are in accord with the view of the trial court that appellant was entitled to an accounting. Under the contract, it was the duty of respondents to keep an accurate set of books and records so that net profits could readily be determined from time to time. It appears that a large num-

ber of contracts were made with customers, and in their execution there were many items of cost and expense incurred, materials furnished, and payments received. The factual situation surrounding the various transactions was particularly within the knowledge of respondents. The duty and obligation assumed by respondents required the exercise of honesty and good faith.

The relationship between respondents and appellant was of a sufficiently fiduciary character, and the mutual accounts between them, as indicated by the complaint, exhibits introduced in support thereof, the counterclaim, the bill of particulars, and the proposed amendment to such counterclaim, were so lengthy and complicated as to give the court jurisdiction to entertain an action seeking the rendition of an accounting and the determination of the issues raised in any manner proper to do justice between the parties. *Lindley v. McGlauflin,* 57 Wash. 581, 107 Pac. 355; *Garey v. Pasco,* 89 Wash. 382, 154 Pac. 433; *Wester v. South Seattle Land Co.,* 174 Wash. 276, 24 P. (2d) 633.

■ It is our opinion that the various reports, so-called invoices, and the statement of debits and credits, though they may have been intended by respondents to be an accounting, did not constitute the kind of or the sufficient accounting to which appellant was entitled. There is uncontradicted evidence in the record given by an accountant that such documents would not apprise appellant of the items of cost of each customer contract, the amounts received in payment, or the deductions therefrom, so that he could arrive at profits or losses as the case might be.

We have reached the conclusion that the record contains sufficient evidence to support a finding of fact that appellant made a demand for an accounting before he commenced his action and that the failure of respondents to render a sufficient accounting amounted to a refusal.

■ When the court finally reached the conclusion that the action was to require respondents to make an accounting, it should have entered an interlocutory order in accordance with the rules recognized and pronounced by this court in *Fincham v. A. U. Pinkham & Co.,* 133 Wash. 517, 233 Pac.

913, and *Muscek v. Equitable Sav. & Loan Ass'n,* 25 Wn. (2d) 546, 171 P. (2d) 856. In those cases, we decided that, when an action is brought to require an accounting to be made, the court must first try and determine the question whether an accounting will lie. If that question be answered in the affirmative, it is then the duty of the court to enter an interlocutory order that an accounting be rendered. When such accounting is made, the plaintiff should promptly make and file such objections thereto as he may have, and thereupon the court should either order a reference or fix a date and hear and determine the objections.

The judgment is reversed, and the cause remanded for the entry of an order that an accounting be rendered within a specified time.

SCHWELLENBACH, C. J., MALLERY, DONWORTH, and WEAVER, JJ., concur.