218 So.2d 787 (1969)
Harold S. COHN, Appellant,
v.
FLORIDA-GEORGIA TELEVISION COMPANY, Inc., a Corporation, Alexander Brest, Jesse Cripe, Ralph Nimmons, Harold Baker, George Follin, Mitchell Wolfson, Louis Wolfson, II, Richard F. Wolfson, Sherwood Smith and Wometco Enterprises, Inc., a Corporation, Appellees.
No. K-245.
District Court of Appeal of Florida. First District.
February 6, 1969.
Rehearing Denied March 5, 1969.
William H. Maness, Jacksonville, for appellant.
Bedell, Bedell, Dittmar & Smith, Jacksonville, for appellees.
*788 PER CURIAM.
This appeal is from a final judgment entered after the plaintiff failed to further amend his complaint as allowed by a previous order dismissing the amended complaint with leave to file a further amended complaint within twenty days thereafter.
In the order granting the defendants' motion to dismiss the amended complaint, which preceded the final judgment of dismissal from which this appeal is taken, the trial judge stated, inter alia:
"* * * and the court having heard the argument of counsel for the respective parties and being of the opinion that the amended complaint contains sufficient allegations to permit plaintiff to maintain this suit but is also of the opinion that the amended complaint consists mainly of conclusions rather than ultimate facts; and that in bills of complaint of this nature, more specific allegations are required than in most other type of complaint * * *"
The record and briefs have been read, oral arguments heard and careful consideration given to each and we are of the opinion from our study that the trial court was correct in his determination that the amended complaint contained "sufficient allegations to permit plaintiff to maintain this suit," but we do not agree with the trial court in holding that more specific allegations are required in complaints of this nature than other types of complaints. We are of the opinion that the amended complaint contains sufficient allegations to acquaint the defendants of the charges of wrong doings which constitute the real basis for the plaintiff's action so that the defendants may intelligently answer the same.
The appellant herein may have difficulty establishing the wrong complained of, but because of the peculiar relationships existing between the parties, bordering on that of a trust or a fiduciary position, we feel and so hold, that the plaintiff should be granted the privilege of trying to do so.
Therefore, we hold that the trial court was in error in dismissing the complaint and the said judgment of dismissal and final judgment reversed, the amended complaint reinstated and this cause remanded for further proceedings not inconsistent herewith.
Reversed and remanded.
RAWLS, Acting Chief Judge, and JOHNSON and SPECTOR, JJ., concur.