PEARSON, Chief Judge.
The appellant in this case is a gentleman who has formerly lived with the lady who is the appellee. It is apparent that at some time during their association they were very good friends and frequently discussed certain financial ventures. Unfortunately prior to the beginning of the present litigation by the appellant, the parties not only discontinued their business relationship but also their friendship. This appears to have happened at about the time that appellee came into considerable money through the sale of real property.
The appellant filed a suit in the circuit court alleging he was entitled to a portion of the money realized from the sale of the real property. In his first complaint he alleged he was entitled to be reimbursed because he had been instrumental in the sale of the property. Upon dismissal of this complaint he filed an amended complaint in which he alleged that he and the appellee had agreed to develop the property together. The effect of this amended complaint was an attempt to allege the existence of a joint venture. The trial judge dismissed the second complaint with prejudice, and this appeal followed. We affirm.
Without detailing each allegation of the amended complaint, we think it is sufficient to point out that the trial court correctly held that the amended complaint did not state a cause of action because the appellant failed to allege the elements necessary to constitute an allegation of the existence of a joint venture. See Kislak v. Kreedian, Fla.1957, 95 So.2d 510, 515, where the court set out the following elements of a joint venture:
“In addition to the essentials of an ordinary contract, in contracts creating joint ventures there must be (1) a community of interest in the performance of the common purpose, (2) joint control or right of control, (3) a joint proprietary interest in the subject matter, (4) a right to share in the profits and (5) a duty to share in any losses which may be sustained. 48 C.J.S. Joint Adventures § 2, p. 809 and the authorities there referred to.”
A reading of appellant’s complaint reveals that it fails to allege joint proprietary interest in or joint control of the subject matter of the claimed joint venture and that the exhibits attached to the complaint would controvert any such allegations. In addition the complaint fails to allege a firm agreement to share in profits and losses in equality or in any definite proportion. Since appellant’s complaint did not allege by ultimate facts the essential elements necessary to the existence of a joint venture, the trial court properly dismissed it.
Although he did not make it a point in his brief, appellant has in oral argument suggested that the trial court at least should have allowed him the privilege of amendment. We have examined the record in the light of this argument, and we find nothing to suggest that appellant desired to amend his complaint again. An order granting the motion to dismiss the amended complaint was filed on July 21, 1969, and the final judgment was not entered until September 3. The order granting the motion to dismiss did not by its *171 terms preclude amendment. Appellant did not tender an amendment nor did he move for a rehearing- requesting leave to amend after the entry of the final judgment. We therefore think appellant is precluded at this late stage from urging that he should have been allowed to amend his complaint again. Cf. Margolis v. Klein, Fla.App. 1966, 184 So.2d 205; Bernard Marko & Associates, Inc. v. Steele, Fla.App.1970, 230 So.2d 42, 45.
Affirmed.