251 So.2d 332 (1971)
Melvin BOYD, Appellant,
v.
W.H. WALKER, Jr. et al., Appellees.
No. 70-822.
District Court of Appeal of Florida, Third District.
June 22, 1971.
Rehearing Denied August 31, 1971.
*333 Frates, Floyd, Pearson & Stewart, Miami, for appellant.
B.E. Hendricks, Miami, for appellees.
Before CHARLES CARROLL, BARKDULL and HENDRY, JJ.
CHARLES CARROLL, Judge.
Appellant filed a complaint seeking an accounting from the defendants. Upon granting the defendants' motion to dismiss the third amended complaint, the court dismissed the cause with prejudice, and the plaintiff appealed. We find error, and reverse.
By his third amended complaint the plaintiff alleged that on or about January 1, 1966, he and the defendants entered into an oral partnership agreement to engage in the practice of law; that in part the terms of the oral agreement were as set forth in a document in the form of an agreement between the parties, unexecuted, dated January 1, 1966, a copy of which was attached to the amended complaint; that the provisions relating to compensation recited in said document were not those that were agreed to by the parties; that it was agreed all partners would share in the partnership profits according to a method of computation translated into specific percentages; that the plaintiff's share for the first year was to be no less than a percentage computed on a certain basis which was set out in the complaint as amended, which included the element of the gross earnings of the firm, but other details of which we omit here; that the same criteria were agreed to be employed for determination of plaintiff's compensation in subsequent years; that it was agreed the plaintiff should share "in all profits and/or losses of the partnership from January 1, 1966, with the sole exception of dividends from investments prior to January of 1966"; and that the plaintiff was to share in the firm's library and other assets and expenses from January 1, 1966.
It was further alleged that such partnership agreement was in effect from January 1, 1966, to on or about April 22, 1969; that on or about April 12, 1968, and at various times thereafter until and including on or about April 11, 1969, the plaintiff demanded of defendants an accounting of the firm's profits to determine the profits due to plaintiff under the terms of the plaintiff's agreement, which demands were refused by the defendants, and that defendants excluded plaintiff "from the partnership premises and affairs" on or about April 22, 1969. Plaintiff prayed for an accounting for the period of his partnership with the defendants, and for determination thereon of amounts due to him and for entry of judgment therefor.
The order of dismissal does not reveal the ground or reason upon which the trial court concluded that the third amended complaint failed to state a cause of action. In contending the trial court was correct in that ruling, the appellees argue (1) that the plaintiff is not entitled to an accounting because the written document attached to the third amended complaint refers to him as a professional partner and refers to the defendants as general partners, implying by that argument that unless plaintiff's interest and participation in the partnership was equal and coextensive with that of other partners he would not be entitled to an accounting; (2) that under a provision in the attached (unexecuted) written *334 agreement the defendants were to control the policies of the firm; (3) that the complaint did not specify the method of computation of the compensation to be received out of the profits by each of the other members of the firm, and that it was not sufficient for the plaintiff to allege only an agreed method of arriving at compensation for him; and (4) that plaintiff could become a partner only by consent of the other partners (implying they had not so agreed or "consented," whereas the complaint as amended alleged such agreement between the parties). We view those arguments of the defendants to be insufficient to support dismissal of the complaint.
The decisions cited by appellees wherein the existence or non-existence of a partnership is determined by consideration of whether the actions of the parties and other circumstances showed there was intent to form a partnership, are not applicable here. That is so because in this case the complaint as amended expressly alleged that an oral contract of partnership was entered into between the plaintiff and the defendants.
Partnership is a creature of contract. 24 Fla.Jur., Partnership § 18. It is not necessary to the existence of a partnership that the share or interest therein of each member be the same. Davis v. Spengler, Fla. 1957, 93 So.2d 348; 24 Fla.Jur., Partnership § 60, p. 360. The extent of the interest of a member of a partnership, or the percentage of his share of the profits, whether for 1% or 90% and whether more or less than some other partner or partners, are matters controlled by the terms of the agreement between the parties, where a partnership is entered into. A partner entitled to a lesser share of the profits than other partners has a right equal to that of each of the other partners to demand and receive his agreed compensation.
"Every partner is entitled to an accounting of partnership affairs in a proper case. A retiring partner is entitled to an accounting of his interest in the partnership." 24 Fla.Jur., Partnership § 153. See also § 154, ibid, stating it is the normal duty of a partner to render an accounting to his copartners and a performance of this duty can be enforced by appropriate judicial proceedings. "The fiduciary relation inherent in partnerships is sufficient to invoke the jurisdiction of equity for the purpose of compelling an accounting." § 160, ibid.
The amended complaint stated, prima facie, a cause of action for accounting, on two grounds. First, because of the alleged partnership, and second, on the ground that a partner whose compensation is based on a percentage of profits of a partnership business ordinarily is entitled to an accounting from his partner or partners who are in possession of the records of the business to determine therefrom the amount due for his agreed compensation. Chandler v. Sherman, 16 Fla. 99 (1877); Uhrig v. Redding, 150 Fla. 480, 8 So.2d 4. The latter would appear to be particularly applicable in the case of a partner who has withdrawn or been excluded from a partnership. See Jackson v. Hunt, Hill & Betts, 7 N.Y.2d 180, 196 N.Y.S.2d 647, 164 N.E.2d 681, 687.
A right or basis for accounting which is disclosed in a complaint may be disputed by denial of allegations material thereto or by pleading matters in confession and avoidance which if established will be sufficient in law to preclude an accounting. Where the accounting is thus opposed, the plaintiff first must establish the basis and need for the accounting before an accounting will be ordered and had. Thus where the pleadings present triable issues bearing on the right, basis or necessity for an accounting, the prescribed procedure is for trial in two stages; first as to the basis or a need for accounting, and, if the plaintiff prevails thereon, then for the accounting. Manning v. Clark, Fla. 1951, 56 So.2d 521; Charles Sales Corp. v. Rovenger, Fla. 1956, 88 So.2d 551; Gladman v. Hallam, Fla. App. 1958, 104 So.2d 46; Cooper v. Fulton, Fla.App. 1959, 107 So.2d 798.
*335 Our decision, therefore, is limited to holding that the third amended complaint for accounting was sufficient to withstand the motion of the defendants to dismiss, and to require responsive pleading by the defendants.
The judgment of dismissal is reversed, and the cause is remanded to the circuit court for further proceedings.
BARKDULL, Judge (concurring specially).
I concur in reversal of the order under review not only for the views expressed in the above opinion, but additionally for the reason that the appellant upon the allegation in his amended complaint [that he was to be compensated by a specific percentage of the profits] would be entitled to an accounting even if he did not allege that he was a partner. See: Charles Sales Corp. v. Rovenger, Fla. 1956, 88 So.2d 551; Goldfarb Novelty Company of Florida v. Vann, Fla. 1957, 94 So.2d 845; Drucker v. Martin, Fla.App. 1963, 157 So.2d 435; Legum v. Campbell, 149 Md. 148, 131 A. 147; Cyranoski v. Keenan, 363 Mich. 288, 109 N.W.2d 815; Gauthier v. Dickerson, 41 Wash.2d 419, 249 P.2d 370; 1 Am.Jur.2d, Accounts and Accounting, § 52.
HENDRY, Judge (dissenting).
I respectfully dissent from the holding in the majority and concurring opinions. I would affirm the dismissal of the complaint but without prejudice to the plaintiff's right to seek his remedy at law, if any.
The issues concern the sufficiency of allegations as to the existence of a partnership and plaintiff's right to an accounting. I am of the view that the existence of the partnership and a right to an accounting were not sufficiently alleged and that the complaint has not otherwise invoked equity jurisdiction. Therefore, an action at law would be the proper proceeding to enforce his rights, if any.
The well-established rule that averments are to be construed in favor of the pleader, where a motion to dismiss is made, applies in this case.
A brief word about equity jurisdiction as to accounting may help to put this case in proper perspective. In equity, both a concurrent and an exclusive jurisdiction developed over matters of account. The concurrent jurisdiction of equity could be invoked as to claims purely legal in nature, only where the remedy at law was inadequate. The exclusive jurisdiction of equity could be invoked where the claims involved in the accounting were equitable in nature; for example, where the facts alleged showed fraud or breach of fiduciary relationship. 5 Moore, Federal Practice ¶ 38.25, p. 199, nn. 10-11 (1970 ed.); Charles W. Merritt, "Note, Jurisdictional Prerequisites for an Equitable Accounting," 6 U. Fla.L.Rev. 232 (1953) [hereinafter cited as "Merritt"].
Ordinarily, the exclusive jurisdiction of equity is invoked by a prayer by a partner for an accounting upon a sufficient allegation of (1) the existence of a partnership, and (2) the dissolution of such partnership. 2 Rowley, Partnerships §§ 47.1-47.2, pp. 132-143, esp. 132 and 143 (2nd ed.); §§ 620.09 and 620.10, Fla. Stat., F.S.A. (Uniform Limited Partnership Law); and see Chandler v. Sherman, 16 Fla. 99 (1877).[1]
Where a legal claim is alleged, such as an action for debt due under a contract, *336 the concurrent jurisdiction of equity to render an accounting must be founded upon the inadequacy of the remedy at law, which inadequacy is typically shown by the complicated nature of the accounts. Moore, Federal Practice, id.; and see Dairy Queen v. Wood (1962), 369 U.S. 469, 82 S.Ct. 894, 8 L.Ed.2d 44, 51. In the Dairy Queen case, supra, the defendant-petitioner's primary defense to the breach of contract claim was that the written contract therein was modified by a subsequent oral agreement. There, the claim of the plaintiff-respondent was an action on a debt allegedly due under a contract, an action traditionally legal in character; and the defense to the contract claim presented a "purely legal question" going solely to "the question of just what [was] under the law, the contract between respondent and petitioner."
Thus, a complaint will withstand a motion to dismiss (for failure to state a cause of action or a ground upon which relief may be granted) if either equity's exclusive jurisdiction or its concurrent jurisdiction is invoked.
First, as to the exclusive jurisdiction, the allegations herein are not sufficient as to the prior existence of a partnership. Legal conclusions are not deemed admitted on a motion to dismiss, and the ultimate facts upon which the legal conclusion rests must be expressed. In Kislak v. Kreedian, Fla. 1957, 95 So.2d 510, 514, the court stated:
"A mere allegation that a joint venture was created is purely a legal conclusion."
Similarly, a mere allegation of the existence of a partnership is purely a legal conclusion. See 71 C.J.S. Pleading § 27, p. 69, nn. 14-15. The presence of a legal conclusion in a pleading is not fatal, 71 C.J.S. Pleading §§ 12-15, pp. 31-41. Rather, the absence of ultimate facts so as to inform the defendant of the nature of the legal cause of action against him renders the pleading defective. Kislak v. Kreedian, supra.
An agreement and an understanding to share the profits are essential to the formation of a partnership. Webster v. Clark, 34 Fla. 637, 16 So. 601, 603-604, 43 Am.St. Rep. 217, 27 L.R.A. 126, adopting Mr. Justice Story's definition of a partnership. Therefore, in Greiner v. General Electric Credit Corporation, Fla.App. 1968, 215 So.2d 61, where there were "no allegations to support a conclusion that the partners agreed to divide either profits or losses; * * *," the court held that the third amended cross-claim was properly dismissed. In Ely v. Shuman, Fla.App. 1970, 233 So.2d 169, this court, also following the Kislak case, affirmed the lower court and held that there was no competent substantial evidence in the record to support a conclusion or finding that a joint venture existed between two persons. Thus, the court stated:
"A reading of appellant's complaint reveals that it fails to allege joint proprietary interest in or joint control of the subject matter of the claimed joint venture and that the exhibits attached to the complaint would controvert any such allegations. In addition the complaint fails to allege a firm agreement to share in profits and losses in equality or in any definite proportion. Since appellant's complaint did not allege by ultimate facts the essential elements necessary to the existence of a joint venture, the trial court properly dismissed it." (Emphasis supplied.)
See also: Hewitt v. Price, Fla.App. 1969, 222 So.2d 247; 2 Rowley, Partnerships, § 47.4, p. 152, n. 49; Maxa v. Jones, 148 Md. 459, 129 A. 652 (1925), and cases cited; Benson v. Rozzelle, 85 Utah 582, 39 P.2d 1113 (1934).
At this point I would note my dissent from the view expressed in the concurring opinion. The concurring opinion would hold, as an additional reason, that an allegation by the plaintiff in the third amended complaint herein that plaintiff was to *337 be compensated by a specific percentage of the profits would entitle plaintiff to an accounting (even if he did not allege that he was a partner). "* * * it has always been held that an agent or servant, whose compensation is measured by the profits of a partnership business, is not thereby made a partner. * * *" Webster v. Clark, supra, 16 So. at p. 604 and cases discussed in Tidewater Const. Co. v. Monroe County, 107 Fla. 648, 146 So. 209, 211-212 (1933). Furthermore, in Boyd v. Hunter, 104 Fla. 561, 140 So. 666 (1926) (en banc), the alleged agreement contained a provision for a division of one-half of the profits from the sale of realty; nevertheless, the final decree was reversed with directions that the cause be dismissed without prejudice to complainant to proceed, if she might, in a court of law to enforce her alleged claim. Therefore, even an allegation of an agreement calling for a share of the profits to an extent of 50% required that a demurrer to such complaint be sustained.
It is my view, therefore, that the instant third amended complaint for an equitable accounting is fatally defective as not establishing a partnership. A reading of appellant's complaint reveals that it fails to allege a joint proprietary interest in or joint control of the subject matter of the claimed partnership, and indeed the exhibit attached to the complaint patently refutes such allegations. The complaint fails to allege a firm agreement among all the partners to share in the profits and losses in the percentage stated in the exhibit. I cannot read the complaint as alleging fraud or breach of fiduciary duties outside of the existence of a partnership as in Whittle v. Ellis, Fla.App. 1960, 122 So.2d 237; see generally Merritt, supra.
As to the concurrent jurisdiction of equity to render an account, I would conclude that the complaint was fatally insufficient and properly subject to a motion to dismiss. First, there must be sufficient allegations of ultimate fact indicating that the plaintiff has a right to an account or that the defendant has a duty to account. In Oskaloosa Savings Bank v. Mahaska County State Bank, 205 Iowa 1351, 219 N.W. 530, 534, 60 A.L.R. 1204, 1210 (1928) the court pointed to the necessity of the showing of some amount due by stating: "The burden was on the plaintiff to aver and prove that there was something due it before it was entitled to an accounting [citations omitted] `There will be no accounting, without showing that some one, either the appellant or creditors of the partnership, are going to be benefited by it.'" Second, there must be an averment that the remedy at law is inadequate; for example, by alleging facts indicating that the account is so complicated that it cannot conveniently be taken in an action at law. State v. Taylor, 58 Wash.2d 252, 362 P.2d 247, 253, 86 A.L.R.2d 1365, 1373 (1961).
The preceding discussion of equity jurisdiction over actions for an accounting lead to the conclusion that a partnership relationship was not sufficiently alleged. However, at this point I shall assume, arguendo, that a partnership relationship was sufficiently alleged. I would then hold that the plaintiff is not entitled to an accounting based upon the partnership contract the plaintiff asserts existed between the parties.
The plaintiff would be bound by such contract, which contained a provision that an independent audit would be conducted annually by a national firm of accountants. That provision also stated the audit would be conclusive upon the parties. The document containing this provision was attached as an exhibit and incorporated into the third amended complaint.
The burden is on the plaintiff to aver that something is due him before he can be entitled to an accounting. Oskaloosa Savings Bank v. Mahaska County State Bank, supra. There must be an allegation of facts tending to show the need for or benefit to be derived from the accounting, or else the whole episode will be an exercise in futility. Oskaloosa Savings Bank v. Mahaska County State Bank, supra, 219 *338 N.W. at 533-534; State v. Taylor, supra, 362 P.2d at 247. If the audit indicates that an amount would be owing to plaintiff, then an action at law would lie upon the indebtedness.
Therefore, as in Boyd v. Hunter, supra, I would affirm the dismissal of the complaint, but without prejudice to plaintiff's right to seek his remedy at law, if any.
NOTES
[1] At common law, one partner could not sue another on a claim growing out of the partnership, except for the general balance on a stated account. Van Ness v. Forrest (1814), 12 U.S. (8 Cr.) 30, 3 L.Ed. 478, 479; Price v. Drew, 18 Fla. 670, 673-674; "Anno., Actions at law between partners and partnerships." 21 A.L.R. 21, 34 et seq. (1922). Equity had exclusive jurisdiction of an action for account between partners where there were more than two partners. Foster v. Ives, 53 Vt. 458 (1881); Wiswell v. Wilkins, 4 Vt. 137 (1832); 5 Moore, Federal Practice ¶ 38.25, p. 199, n. 11 (1970 ed.).