JOANOS, Judge.
Stephen G. Dyson (Stephen) appellant herein, seeks review of the dismissal with prejudice of his sixth amended complaint. The trial court dismissed the complaint for failure to state a cause of action for which relief could be granted. We reverse.
The record provided to this court consists of Stephen’s sixth amended complaint with attachments, appellee Jeffrey Dyson’s (Jeffrey) motion to dismiss which alleges in part that the complaint “fails to establish any legal or equitable basis upon which an order granting an accounting might be justified,” the final order of dismissal, and Stephen’s notice of appeal. Our examination of the sixth amended complaint in this cause leads us to conclude that, taking all the allegations of the complaint as true, appellant Stephen Dyson has provided sufficient facts to withstand a motion to dis *547 miss and to require a responsive pleading by the defendant, Jeffrey.
Among other things, Stephen’s sixth amended complaint alleged that:
1. Stephen’s brother, Jeffrey asked Stephen to enter a partnership for the purpose of investing in and improving real property;
2. the capital investment of each partner was to be $21,000, each partner was to devote his full time to the enterprise, and each partner was to share equally in the profits;
3. Jeffrey was to maintain partnership monies and records;
4. Stephen delivered $21,000 in cash to Jeffrey as appellant’s capital investment;
5. in July 1979, the partnership began work on two properties;
6. subsequent to July 1979, the partnership entered into a joint venture with four other persons, with Stephen Dyson acting as a “silent” venturer;
7. the joint venture purchased at foreclosure one of the properties which the partnership was engaged in improving;
8. Jeffrey, instead of selling the property for the joint venture, purchased it himself and resided in it for three years;
9. Jeffrey has since sold the property and has refused to pay Stephen a half interest in the profit;
10. the joint venture has sold other properties acquired by it, but Stephen has received a share of only one distribution, and Jeffrey has refused to disclose subsequent distributions;
11. Stephen claimed a one-half interest in all distributions received by Jeffrey from the joint venture;
12. a foreclosure yielded a total of $17,-586.77 to Jeffrey;
13. following Stephen’s complaint to Jeffrey that he had not received a return of capital or profit, Stephen received what purported to be an accounting, which reflects without explanation that Jeffrey made a capital investment of $41,358.66 in the partnership;
14. the purported accounting reflects a loan of $3,500 by Jeffrey from partnership funds, which loan was secured by an automobile turned over to Jeffrey;
15. the purported accounting lists a payment of $4,491.54 to Stephen — which payment was not a return of capital but was for work performed; and
16. the purported accounting shows a credit of $15,750 to Jeffrey as a credit from the joint venture as down payment on the house, and Stephen was entitled to one half of this credit.
The function of a complaint is to notify a defendant of the plaintiff’s charges of wrongdoing “which constitute the real basis for the plaintiff’s complaint so that the defendant may intelligently answer.” Dawson v. Blue Cross Association, 293 So.2d 90, 92 (Fla. 1st DCA 1974), citing Cohn v. Florida-Georgia Television Company, 218 So.2d 787, 788 (Fla. 1st DCA 1969). The pleadings “must be sufficiently clear and direct to make it unnecessary for the respondent or the court to be clairvoyant in ascertaining the nature of the claim.” Parker v. Panama City, 151 So.2d 469, 472 (Fla. 1st DCA 1963). In this context, the factual allegations are an essential. Fla.R.Civ.P. 1.110(b)(2); First Guaranty Bank & Trust Company of Jacksonville v. Williams, 328 So.2d 537 (Fla. 1st DCA 1976). When testing the sufficiency of a complaint, all the allegations of the complaint are taken as true. Strickland v. Commerce Loan Company of Jacksonville, 158 So.2d 814 (Fla. 1st DCA 1963); Crutchfield v. Adams, 152 So.2d 808 (Fla. 1st DCA 1963); Cazares v. Church of Scientology of California, Inc., 444 So.2d 442 (Fla. 5th DCA 1983). In Luckie v. McCall Manufacturing Company, 153 So.2d 311, 314 (Fla. 1st DCA 1963), this court explained that a cause of action—
means that which creates the necessity for bringing the action, (citation omitted).
[[Image here]]
It consists of the facts which entitle one to institute and maintain a suit in court, and its elements are the invasion of a *548 legal right of the plaintiff without justification or excuse, or the commission or threatened commission of a legal wrong and the damages resulting therefrom, (citation omitted).
... It does not consist of facts but of unlawful violation of a right which facts show, (citations omitted).
A third district case, Boyd v. Walker, 251 So.2d 332 (Fla. 3rd DCA 1971), is similar to this case in that Boyd is an appeal from an order dismissing appellant’s third amended complaint. In Boyd v. Walker, Boyd, as has appellant herein, alleged an oral partnership agreement and recited the agreed upon terms of compensation. In addition, Boyd, as has this appellant, alleged the date the partnership agreement went into effect, and the dates on which an accounting was sought. The complaint in Boyd further alleged that the demand for an accounting had been refused, and that Boyd had been wrongfully excluded from the partnership premises and affairs. In Boyd, as in this case, the order of dismissal did “not reveal the ground or reason upon which the trial court concluded that the third amended complaint failed to state a cause of action.” Id., 333. In Boyd the district court reversed, finding that:
The amended complaint stated, prima facie, a cause of action for accounting, on two grounds. First because of the alleged partnership, and second, on the ground that a partner whose compensation is based on a percentage of profits of a partnership business ordinarily is entitled to an accounting from his partner or partners who are in possession of the records of the business to determine therefrom the amount due for his agreed compensation. Chandler v. Sherman, 16 Fla. 99 (1877); Uhrig v. Redding, 150 Fla. 480, 8 So.2d 4.
[[Image here]]
A right or basis for accounting which is disclosed in a complaint may be disputed by denial of allegations material thereto or by pleading matters in confession and avoidance which if established will be sufficient in law to preclude an accounting. Where the accounting is thus opposed, the plaintiff first must establish the basis and need for the accounting before an accounting will be ordered and had. Thus where the pleadings present triable issues bearing on the right, basis or necessity for an accounting, the prescribed procedure is for trial in two stages; first as to the basis or a need for accounting, and, if the plaintiff prevails thereon, then for the accounting. Manning v. Clark, Fla. 1951, 56 So.2d 521; Charles Sales Corp. v. Rovenger, Fla.1956, 88 So.2d 551, Gladman v. Hallam, Fla.App.1958, 104 So.2d 46; Cooper v. Fulton, Fla.App. 1959,107 So.2d 798. Id., 334. (emphasis supplied).
See: Section 620.665, Fla.Stat. (1979).
We find that appellant’s sixth amended complaint states a cause of action as defined. by this court in Luckie v. McCall Manufacturing Company, 153 So.2d 311 (Fla. 1st DCA 1963). Appellant Stephen Dyson has informed appellee Jeffrey Dyson of the specific instances of wrongdoing which constitute the basis of the complaint. Cohn v. Florida-Georgia Television Co., 218 So.2d 787 (Fla. 1st DCA 1969). And, Stephen’s sixth amended complaint has presented “triable issues bearing on the right, basis or necessity for an accounting.” Boyd v. Walker, 251 So.2d at 334. Accordingly, we reverse and remand for determination of a need for an accounting, pursuant to the procedure outlined in Boyd v. Walker.
Reversed and remanded for proceedings consistent with this opinion.
ERVIN and BARFIELD, JJ., concur.