PER CURIAM.
Julian Consolidated, Inc., appeals an award of workers’ compensation benefits against Julian Consolidated and Charles Collins, acting as a joint venture. We affirm.
Julian Consolidated argues on appeal that there is insufficient evidence in the record to support the deputy’s finding that Julian Consolidated and Charles Collins operated as a joint venture. After examining the record, we conclude that there was competent substantial evidence to support the compensation order. Appellants argue primarily that the deputy commissioner erred in finding that a joint venture between Julian and Collins existed. The most troublesome aspect of this issue is whether there existed the element of joint control or right of control between the parties. Livingston v. Twyman, 43 So.2d 354 (Fla.1950); Kislak v. Kreedian, 95 So.2d 510 (Fla.1957). Admittedly this is not a textbook case of mutuality of control. It is clear, however, that neither party had exclusive control over this undertaking which, reduced to its essentials, was an agreement between the parties to construct a “spec” house, with one party (Collins) furnishing the construction skills and “know-how” and the other (Julian) providing the capital, with an express agreement to split profits fifty-fifty, and an agreement implied from circumstances (as Collins testified based on his understanding) to share losses on the same basis. See, Russell v. Thielen, 82 So.2d 143 (Fla.1955); Florida Tomato Packers, Inc. v. Wilson, 296 So.2d 536 (Fla. 3d DCA 1974); Florida Trading and Investment Co., Inc. v. River Construction Services, Inc., 537 So.2d 600 (Fla. 2d DCA 1988). In addition, the deputy commissioner specifically found that Julian agreed to provide workers’ compensation coverage for this project, and concluded that both *785 Collins and Julian were statutory employers for workers’ compensation purposes. See, Allison Development, Inc. v. Rudasill, 202 So.2d 752 (Fla.1967) (developer of subdivision was statutory employer of employee hired by subcontractor on house construction job). We find that to reach a conclusion contrary to that of the deputy commissioner would entail a reweighing of the evidence, which we decline to do.
Accordingly, we affirm the award as predicated on the findings of the deputy commissioner. However, we do not reach the second issue presented, which is whether Julian Consolidated was liable for benefits under a theory of estoppel.
AFFIRMED.
SHIVERS, C.J., and SMITH and WIGGINTON, JJ., concur.