SHEVIN, Judge.
Vannamei Corporation appeals a final judgment in favor of defendant, Elite International Telecommunications, Inc., finding that Vannamei was part of a joint venture and not entitled to recover against Elite. We reverse.
Contrary to Elite’s assertions, the final judgment’s finding that a joint venture existed is not supported by competent substantial evidence. “The [joint venture] relationship must arise out of a contract, express or implied. Such a contract is an indispensable prerequisite” to the venture’s existence. Kislak v. Kreedian, 95 So.2d 510, 515 (Fla.1957). Elite, the party alleging the existence of a joint venture, bore “the burden of both alleging and proving that an agreement or contract supports the relationship.... ” Id. “[Wjhere, as in this case, the events and transactions which form the basis of the alleged relationship are not in writing, the burden of establishing the existence of such contract, including all of its essential elements, is indeed, as it should be, a heavy and difficult one.” Id.; Conklin Shows, Inc. v. Dep’t of Revenue, 684 So.2d 328, 332 (Fla. 4th DCA 1996). Elite did not carry this burden.
The only evidence presented as to the existence of an understanding among the parties was the self-serving testimony of Elite’s principal. No other testimony was sufficient to support a conclusion that a contract existed. “The very fact that the agreement was not reduced to writing is evidence, however, slight, that no such agreement actually existed.” Kislak, 95 So.2d at 515; Conklin Shows, 684 So.2d at 332. Moreover, although a formal contractual agreement is not required for a joint venture to exist, the venture’s existence “may be inferred from the conduct of the parties or from facts and circumstances which make it appear that a joint enterprise was in fact entered into.” Conklin Shows, 684 So.2d at 332 (quoting Kislak). The evidence in this case is devoid of any such conduct or circumstances from which an agreement can be inferred. Here, Elite’s own actions in suing its client to recover the cost of equipment, the same equipment for which Vannamei seeks payment below, coupled with Elite’s admission that it does not intend to share any recovery from that action with any of its purported joint venturers, contradicts the principal’s bare testimony of a joint venture.
Additionally, the finding that a joint venture existed also fails because there is no competent substantial evidence that the parties enjoyed “joint control or right of control” over the undertaking. Kislak, 95 So.2d at 515. The record is devoid of any evidence that Vannamei had any authority or right to bind Elite in any manner in connection with the undertaking, and there’s no demonstration that Elite had any authority to bind Vannamei. The testimony demonstrated that Elite solicited equipment from Vannamei to satisfy its contract with a third party. Vannamei had no contact, dealings, or obligations with that party. Failure to prove the existence of this element is fatal to Elite’s joint venture defense. See Conklin Shows, 684 So.2d at 332 (joint venture not proven where no mutual control over operations could be demonstrated; appellant had exclusive control over operations); Julian Consol, Inc. v. Conrad, 553 So.2d 784 (Fla. 1st DCA 1989)(affirming finding that joint venture existed because parties shared joint control where neither party had exclusive control over the undertaking); McKissick v. Bilger, 480 So.2d 211 (Fla. 1st DCA 1985)(no joint venture proven where there is no evidence of joint right of control); Ely v. Shuman, 233 So.2d 169 (Fla. 3d DCA 1970)(dismissal of complaint *563 alleging joint venture appropriate where joint control element not alleged or demonstrated by exhibits).
Based on the foregoing, we reverse the final judgment and remand for entry of a liability judgment in Vannamei’s favor, and further proceedings to determine the sums owed to Vannamei.
Reversed and remanded.